# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TODD ALLEN,<br>　　　　　Petitioner,<br><br>v.<br><br>THE DISTRICT ATTORNEY OF THE COUNTY OF PHILADELPHIA, and THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA,<br>　　　　　Respondents. | CIVIL ACTION<br><br><br><br>NO. 15-2713 |

## O R D E R

**AND NOW**, this 9th day of March, 2020, upon consideration of Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus filed by *pro se* petitioner, Todd Allen, the record in this case, the Report and Recommendation of United States Magistrate Judge Henry S. Perkin dated December 11, 2018, *pro se* petitioner's Objections to the Report and Recommendation, **IT IS ORDERED** as follows:

　　　1.　　The Report and Recommendation of United States Magistrate Judge Henry S. Perkin dated December 11, 2018, is **APPROVED** and **ADOPTED**;

　　　2.　　*Pro se* petitioner's Objections to the Report and Recommendation are **OVERRULED**;

　　　3.　　The Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus filed by *pro se* petitioner, Todd Allen, is **DENIED** and **DISMISSED**;

　　　4.　　To the extent that *pro se* petitioner requested an evidentiary hearing in his Objections to the Report and Recommendation, *pro se* petitioner's request is **DENIED** on the ground that all relevant facts are matters of record.

**IT IS FURTHER ORDERED** that certificate of appealability will not issue because reasonable jurists would not debate (a) this Court's decision that the petition does not state a valid claim of the denial of a constitutional right, or (b) the propriety of this Court's procedural ruling with respect to petitioner's claims. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The decision of the Court is based on the following:

1. *Pro se* petitioner pled guilty to possession of a controlled substance with intent to deliver. An agreed upon sentence of eleven and a half (11 ½) to twenty-three (23) months of house arrest with eight (8) years of probation and sixty (60) days of incarceration for a contempt charge was imposed on December 11, 2003. Thereafter, defendant was charged with violating his probation on three occasions, all of which are detailed in the Report and Recommendation (R&R) of the Magistrate Judge;

2. *Pro se* petitioner's Objections to the R&R relate to the violation of probation proceedings. In his first Objection he claims that the sentences for violation of probation constituted double jeopardy. That claim was addressed in the R&R and rejected. This Court is in complete agreement with the R&R on that issue.

In his second Objection, *pro se* petitioner reiterates that the Pennsylvania Courts did not reasonably reject his ineffective assistance of violation of probation counsel claim for failing to request an up-to-date Presentence Report. That argument was rejected in the R&R with which this Court agrees.

*Pro se* petitioner next argues in his Objections that violation of probation counsel was ineffective for failing to file a direct appeal. That claim is related to *pro se* petitioner's argument that his sentence was excessive. That argument was addressed in the Report and

Recommendation with which this Court agrees.  On this issue this Court notes that the Pennsylvania Superior Court determined that the sentence imposed did not exceed the statutory maximum, the trial court did not abuse its discretion because the sentence was not manifestly excessive, and counsel could not be ineffective for failing to file a direct appeal challenging the sentence as excessive because such an appeal would have been futile. *Commonwealth v. Allen*, 2014 WL 10558739 at \*6 (Pa. Super. October 27, 2014).

*Pro se* petitioner sets forth in his Objections a number of reasons in support of his claim that he told his violation of probation counsel to file a direct appeal. These additional facts do not change the analysis in the R&R. Further, *pro se* petitioner admits to filing a *pro se* post-sentence motion, but not a *pro se* direct appeal. This Court agrees with the Magistrate Judge that this claim – the failure to file a direct appeal – is procedurally defaulted.

*Pro se* petitioner next objects to the finding in the R&R that the Pennsylvania Courts reasonably rejected *pro se* petitioner's ineffective assistance of violation of probation counsel claim for failing to ensure that petitioner had notice of his violation of probation hearing.  This issue is fully addressed in the R&R with which the Court is in complete agreement.

Finally, *pro se* petitioner objects to the finding in the R&R that *pro se* petitioner's claim that he was denied due process because the violation of probation judge did not recuse himself was meritless. That claim was fully addressed in the R&R with which this Court agrees.

**BY THE COURT:**

**/s/ Hon. Jan E. DuBois**

**DuBOIS, JAN E., J.**